1  DAVID M. STEIN (SBN 198256)
   dstein@akingump.com
2  AKIN GUMP STRAUSS HAUER & FELD LLP
   633 West Fifth Street, Suite 5000
3  Los Angeles, California 90071
   Telephone: 213.254.1200
4  Facsimile: 213.254.1201

5  MICHAEL SIMONS
   msimons@akingump.com
6  AKIN GUMP STRAUSS HAUER &
   FELD LLP
7  300 West 6th Street, Suite 1900
8  Austin, Texas  78701
   Telephone: 512.499.6200
9  Facsimile:  512.499.6290

10 R. SCOTT RHOADES
11 srhoades@akingump.com
   KELLIE M. JOHNSON
12 kmjohnson@akingump.com
13 AKIN GUMP STRAUSS HAUER &
   FELD LLP
14 1700 Pacific Avenue, Suite 4100
15 Dallas, Texas  75201
   Telephone: 214.969.2800
16
   **Attorneys for MetroPCS Wireless, Inc.**
17

18              UNITED STATES DISTRICT COURT

19     CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

20

21 Logan Orion, an individual,          Case No.: CV 13-03881 MMM
                                         (AGRx)
22                        Plaintiff,
                                         **METROPCS WIRELESS, INC.'S**
23      vs.                              **NOTICE OF REMOVAL**

24 MetroPCS Wireless, Inc., a Delaware
25 corporation, and Does 1 through 100,
   inclusive
26
                         Defendants.
27

28

Defendant MetroPCS Wireless, Inc. ("MetroPCS") respectfully removes this civil action from the Superior Court of the State of California in and for the County of Ventura to the United States District Court for the Central District of California, Western Division under 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of diversity jurisdiction. As grounds for removal, MetroPCS states as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

1.     On April 26, 2013, Plaintiff Logan Orion ("Plaintiff") filed a Complaint for Damages ("Complaint") styled *Logan Orion v. MetroPCS Wireless, Inc. and Does 1 through 100*, Case No. 56-2013-00435532-CU-CR-VTA, in the Superior Court of the State of California in and for the County of Ventura (the "State Court Action"). A copy of the Complaint is attached hereto as **Exhibit A**.

2.     In the Complaint, Plaintiff alleges the following causes of action: (1) violation of Civil Code § 3344; (2) common law misappropriation of likeness and voice; (3) conversion; and (4) unjust enrichment.

3.     MetroPCS was served with the complaint via personal delivery on May 1, 2013. A copy of the summons is attached hereto as **Exhibit B**.

4.     Pursuant to 28 U.S.C. § 1446(a), the Notice of Removal is properly filed in this Court, as it is the district and division embracing the place where the State Court Action is pending.

5.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed with this Court within thirty (30) days of receipt by MetroPCS of a summons and a copy of Plaintiff's Complaint setting forth the claims for relief on which Plaintiff's suit is based.

6.     Pursuant to 28 U.S.C. § 1446(d), MetroPCS is filing a written notice of this removal with the clerk of the Superior Court of the State of California in and for the County of Ventura. Copies of this Notice of Removal and the written notice of the removal provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II.   THIS COURT HAS DIVERSITY JURISDICTION

7.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.  Thus, the State Court Action may be removed to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441.

### A. <u>The Parties are Completely Diverse</u>

8.   Plaintiff Logan Orion is a resident and citizen of the County of Ventura in California.  Complaint at ¶ 1.

9.   As of the date of filing, MetroPCS was a Delaware corporation with its principal place of business in Richardson, Texas.

10.   As of the date of service, MetroPCS was merged into T-Mobile USA, Inc., which is a Delaware corporation with a principal place of business in Bellevue, Washington.

11.   Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants Does 1 through 100 should be disregarded for purposes of the diversity analysis.

12.   Accordingly, there is complete diversity amongst the parties.

### B. <u>The Amount-in-Controversy Requirement is Satisfied</u>

13.   Although MetroPCS denies Plaintiff's claims, and denies that Plaintiff is entitled to recover any damages, there is proof by a preponderance of the evidence that the amount in controversy exceeds $75,000.

14.   Rather than plead a specific amount of damages, Plaintiff simply alleges generally that it is entitled to damages in an amount according to proof, actual damages, profits attributable to the alleged unauthorized use, exemplary and punitive damages, and attorneys' fees and costs.

15.   Indeed, for its claims for violation of civil code § 3344 and common law misappropriation of likeness and voice, Plaintiff generally alleges that it is entitled to "general and special damages in an amount according to proof."  Complaint at ¶¶ 10,

2

17. Plaintiff further alleges that it is "entitled to an amount equal to the greater of $750.00 or the actual damages suffered by plaintiff as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing actual damages." *Id.* at ¶¶ 11, 18. Plaintiff also alleges that it is entitled to "statutory attorney's fees and costs" and "punitive and exemplary damages." *Id.* ¶¶ 11, 12, 18, 19

16. For its conversion claim, Plaintiff alleges that it is entitled to "general and special damages in an amount according to proof" and "punitive and exemplary damages. Complaint at ¶¶ 23, 24.

17. For its unjust enrichment claim, Plaintiff alleges that it is entitled to "damages in an amount according to proof" and "punitive and exemplary damages." Complaint at ¶¶ 27, 28.

18. Nowhere in the Complaint does Plaintiff allege a specific amount for damages.

19. Thus, MetroPCS need only show by a preponderance of the evidence that the amount-in-controversy requirement is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ("[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] ... we apply a preponderance of the evidence standard."); *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) ("[W]hen the plaintiff fails to plead a specific amount of damages, the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy has been met.") (internal quotations omitted); *Taylor v. CoxCom, Inc.*, No. 12-10149-CJC(JPRx), 2013 WL 327728 (C.D. Cal. Jan. 29, 2013) (quoting *Guglielmino*, 506 F.3d at 699).

20. On May 29, 2013, counsel for Plaintiff and MetroPCS spoke on the phone, and Plaintiff's counsel stated that the amount in controversy far exceeds $75,000. *See* Declaration of R. Scott Rhoades at ¶ 3.

3

21.     Thus, there is proof by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## III.   CONCLUSION AND PRAYER

22.     For the foregoing reasons, removal of the State Court Action from the Superior Court of the State of California in and for the County of Ventura to the United States District Court for the Central District of California is proper under 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of diversity jurisdiction.

23.     MetroPCS respectfully requests that the State Court Action be removed from the Superior Court of the State of California in and for the County of Ventura to the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

4

Dated:  May 31, 2013

AKIN GUMP STRAUSS HAUER &
FELD LLP

By:

David M. Stein, Esq.

**Attorney for Defendant MetroPCS Wireless, Inc.**

5

# EXHIBIT A

BRIAN A. OSBORNE, State Bar # 126963
LAW OFFICES OF BRIAN A. OSBORNE
674 County Square Drive, Suite 310
Ventura, CA 93003
Ph: (805) 642-9283
Fax (805) 642-7054

Attorneys for Plaintiff Logan Orion

VENTURA
SUPERIOR COURT
FILED

APR 2 6 2013

MICHAEL D. PLANET
Executive Officer and Clerk
By: _____, Deputy
M. SOTO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF VENTURA

| | |
|---|---|
| Logan Orion, an individual, | Case No.:  56-2013-00435532-CU-CR-VTA |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| MetroPCS Wireless, Inc., a Delaware corporation, and Does 1 through 100, inclusive, | (1) Violation of Civil Code §3344<br>(2) Common Law Misappropriation of Likeness, Voice<br>(3) Conversion<br>(4) Unjust Enrichment |
| Defendants. | |

COMES NOW Plaintiff Logan Orion and alleges as follows:

I.

PARTIES

A. <u>Plaintiff</u>.

1. Plaintiff Logan Orion ("Orion") is now, and at all times herein mentioned was, a resident of the County of Ventura, State of California.

B. <u>Defendants</u>.

2. Defendant MetroPCS Wireless, Inc. ("MetroPCS") is now, and at all times herein mentioned was, a Delaware corporation conducting business in the State of California.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to show such true names and capacities when he has ascertained the same. Plaintiff is informed, believes and thereupon alleges that each Doe Defendant named herein is, in some manner, legally responsible for the acts complained of.

4. At all times herein mentioned, Defendants, and each of them, were the agents and employees of each of the Co - Defendants, and in doing the things herein mentioned were acting within the purpose, course and scope of their authorities and employment as such agents and employees, and with the permission and consent of said Co- Defendants.

//

//

## II.

## STATEMENT OF FACTS

5. In or about April or May, 1997, plaintiff Orion developed a commercial and corporate motto for a phone company. Specifically, plaintiff created a jingle with computer sounds and the phrase: "Hello, hello, hello." Plaintiff coupled this with the corporate motto "Wireless for all" and submitted this online for remuneration. Plaintiff was under the impression that he would be paid for his ideas and creation should they ever be used commercially.

6. Plaintiff Orion's "Hello, hello, hello" jingle would become the iconic advertising campaign of defendant MetroPCS on television, radio and in print. Defendant MetroPCS placed plaintiff's voice- saying "Hello, hello, hello"- on all their phones. Defendant MetroPCS would also claim plaintiff's motto- "Wireless for all"- as their corporate motto. MetroPCS has never paid plaintiff for his ideas, voice, jingle or motto.

## III.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL CODE § 3344

## (Plaintiff v. All Defendants)

7. Plaintiff repeats and realleges paragraphs 1 through 6, inclusive, as though set forth in full herein.

8. At all times herein mentioned, California Civil Code §3344 was in full force and effect. Civil Code § 3344 prohibits the commercial misappropriation of one's likeness, voice, signature or photographs without such person's prior consent. In the case of minors, the prior consent must be supplied by the minor's parent or guardian.

9. Defendants, and each of them, used plaintiff's ideas, voice, jingle and

1   corporate motto without his prior consent in a national advertising campaign. Defendant

2   MetroPCS knowingly used plaintiff's ideas, voice, jingle and corporate motto for their

3   products, merchandise, or goods and for purposes of advertising or selling, or soliciting

4   purchases of, products, merchandise, goods and services and all without plaintiff's prior

5   knowledge or consent.

6        10. As a direct and proximate result of the aforementioned conduct, plaintiff has

7   suffered general and special damages in an amount according to proof.

8        11. As a further and proximate result of the aforementioned conduct, plaintiff is

9   entitled to an amount equal to the greater of $750.00 or the actual damages suffered by

10   plaintiff as a result of the unauthorized use, and any profits from the unauthorized use

11   that are attributable to the use and are not taken into account in computing actual

12   damages. Plaintiff is also entitled to statutory attorney's fees and costs.

13        12.  The conduct of said defendants was despicable, fraudulent, malicious,

14   oppressive and in reckless and/or conscious disregard of the rights of plaintiff, entitling

15   plaintiff to punitive and exemplary damages in an amount sufficient upon said

16   defendants and to deter similar wrong doing by others.

17

18                        IV.

19             SECOND CAUSE OF ACTION

20     COMMON LAW MISAPPROPRIATION OF LIKENESS, VOICE

21            (Plaintiff v. All Defendants)

22

23        13. Plaintiff repeats and realleges paragraphs 1 through 6,  inclusive, as though

24   set forth in full herein.

25        14. At all times herein mentioned, California Constitution, Article I, Section 8, was

26   in full force and effect.

27        15. Defendants, and each of them, engaged in conduct which invaded plaintiff's

28   privacy interests and misappropriated plaintiff's likeness and voice, using the same in a

1   nationwide advertising campaign as well as placing plaintiff's voice on their mobile
2   phones.

3       16. Plaintiff had a reasonable expectation of privacy as to the interest invaded.
4   Plaintiff did not give consent to MetroPCS to utilize his ideas, voice, jingle and
5   corporate motto in a nationwide advertising campaign, or for any reason at all.

6       17. As a direct and proximate result of the aforementioned conduct, plaintiff has
7   suffered general and special damages in an amount according to proof.

8       18. As a further and proximate result of the aforementioned conduct, plaintiff is
9   entitled to an amount equal to the greater of $750.00 or the actual damages suffered by
10  plaintiff as a result of the unauthorized use, and any profits from the unauthorized use
11  that are attributable to the use and are not taken into account in computing actual
12  damages. Plaintiff is also entitled to statutory attorney's fees and costs.

13      19. The conduct of said defendants was despicable, fraudulent, malicious,
14  oppressive and in reckless and/or conscious disregard of the rights of plaintiff, entitling
15  plaintiff to punitive and exemplary damages in an amount sufficient upon said
16  defendants and to deter similar wrong doing by others.

17

18                                    V.

19                       THIRD CAUSE OF ACTION

20                            CONVERSION

21                      (Plaintiff v. All Defendants)

22

23      20. Plaintiff repeats and realleges paragraphs 1 through 6, inclusive, as though
24  set forth in full herein.

25      21. Conversion is any act of dominion wrongfully exerted over another's personal
26  property. There must exist an actual interference with one's ownership or right of
27  possession. *Fisher v. Machado* (1996) 50 Cal.App. 4th 1069,1073, 58 Cal.Rptr. 2d 213;
28  *Weiss v. Marcus* (1975) 51 Cal. App. 3d 590,599, 124 Cal.Rptr. 297. Conversion is a

strict liability tort. *Burlesci v. Petersen* (1998) 68 Cal.App. 4th 1062, 1065, 80 Cal.Rptr. 2d 704. Generally, the converted property must be tangible. *Thrifty- Tel, Inc. v. Bezenek* (1996) 46 Cal.App. 4th 1559, 54 Cal.Rptr.2d 468. A manual taking of the property is not necessary; it is only necessary that there be an assumption of control or ownership over the property, or that the converter has applied the property to his own use. *Oakdale Village Group v. Fong* (1996) 43 Cal. App. 4th 539, 543-544, 50 Cal.Rptr.2d 810.

22. By reason of the aforesaid conduct, defendants wrongfully exercised dominion and control over plaintiff's business idea, voice, jingle and corporate motto and misappropriated the same for their own use. Defendants willfully interfered with the use and enjoyment of plaintiff's business ideas, voice, jingle and corporate motto by using the same in their national advertising campaign and on their mobile phones.

23. As a direct and proximate result of the conversion of plaintiff's business ideas, voice, jingle and corporate motto, plaintiff has sustained general and special damages in an amount according to proof.

24. The conduct of said defendants was despicable, fraudulent, malicious, oppressive and in reckless and/or conscious disregard of the rights of plaintiff, entitling plaintiff to punitive and exemplary damages in an amount sufficient upon said defendants and to deter similar wrong doing by others.

VI.

FOURTH CAUSE OF ACTION

UNJUST ENRICHMENT

(Plaintiff v. All Defendants)

25. Plaintiff repeats and realleges paragraphs 1 through 6, inclusive, as though set forth in full herein.

26. Unjust enrichment is the result or effect of a failure to make restitution of or for property or benefits received under such circumstances as to give rise to a legal or

equitable obligation to account therefore. If one obtains the money or property of others without authority, the law, independently of express contract, will compel restitution or compensation. *Lucky Auto Supply v. Turner* (1966) 244 Cal.App.2d 872, 53 Cal.Rptr. 628. The elements of a claim of unjust enrichment include: receipt of a benefit and unjust retention of the benefit at the expense of another. *Lectrodryer v. Seoul Bank* (2000) 77 Cal.App.4th 723, 726, 91 Cal.Rptr.2d 881. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. *California Federal Bank v. Matreyek* (1992) 8 Cal.App.4th 125, 10 Cal.Rptr.2d 58.

27. Defendants, and each of them, obtained plaintiff's business ideas, voice, jingle and corporate motto without paying for the same. As a direct and proximate result of the unjust enrichment of defendants, and each of them, plaintiff has sustained damages in an amount according to proof.

28. The conduct of said defendants was despicable, fraudulent, malicious, oppressive and in reckless and/or conscious disregard of the rights of plaintiff, entitling plaintiff to punitive and exemplary damages in an amount sufficient upon said defendants and to deter similar wrong doing by others.

DATED: ___4, 25___, 2013          By:_____
                                        Brian A. Osborne
                                        Attorney for Plaintiff
                                        Logan Orion

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 654-2609
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2013-00435532-CU-CR-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.

A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Henry Walsh | Ventura | 42 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| 09/30/2013 | 08:15:00 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

AT THE ABOVE HEARING IS MANDATORY.
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties.  If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department.  Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670.  In addition, see Local Rule 7.01 regarding notice to the teleconference provider.  The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 04/26/2013

Clerk of the Court,
By: _____
Marisela Soto,  Clerk

VEN-FNR070

NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. Many courts encourage or require parties to try ADR before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at *www.courtinfo.ca.gov/programs/adr/types.htm*. A form for agreeing to use ADR is attached.

### Potential Advantages and Disadvantages

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

### Most Common Types of ADR

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration** – The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to *binding arbitration*, they waive their right to a trial and agree to accept the arbitrator's decision as final. With *nonbinding arbitration*, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial, or want an expert in the subject matter of the dispute to make a decision.

### Local ADR Programs for Civil Cases

**Mediation** – The Ventura Superior Court has maintained a mediation program since April 1, 1993. Its goals are to speed resolution of cases by bringing the parties together before they have made a major economic and emotional investment in litigation, and to increase awareness of this effective method of alternative dispute resolution.

Mediators need not be attorneys, but must have 25 hours of formal mediation training by a recognized mediation training/education provider. Mediator duties include a brief review/preparation time and three hours of hearing time on a pro bono basis and pursuant to such rules as may be designated for mediators by the Ventura Superior Court.

Party Pay Mediation Panel – The court has a second mediation panel where mediators are paid by the parties rather than offering their services pro bono. Mediators on the "party pay" panel must have completed 25 hours of formal mediation training and have participated as mediator a minimum of 25 court assigned mediations with a minimum hearing time of two hours each from any California Superior Court. All mediators on the "party pay" panel will provide three hours of mediation services per case at the rate of $150 per hour to be shared equally by all participating parties.

Arbitration – Arbitration is normally an informal process in which a neutral person (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or nonbinding arbitration. Binding arbitration is designed to give each side a resolution of their dispute when they cannot agree between themselves or with a mediator. If the arbitration is nonbinding, any party can reject the arbitrator's decision and request a trial.

Mandatory Early Settlement Conference – The MESC program was implemented through joint efforts of the Superior Court and the Ventura County Bar Association working primarily through the Bench/Bar Subcommittee. Cases that are appropriate for the program are identified and referred to a settlement officer to conduct a settlement conference. The parties have the opportunity for a serious exchange of facts, theories, and evaluations at the earliest possible time with an impartial attorney volunteer conducting the conference. The basic difference between cases assigned to the MESC and Mediation programs is the nature of the case and the relief sought. If the injury or damage is compensable in money damages and there is no emotional component or "hidden agenda" on the part of one or more of the parties, as is frequently the case in mediation cases, then the case is sent to the MESC program. MESC may be appropriate when negotiations between the parties have not proven successful.

Settlement Conference – Settlement Conferences may be mandatory or voluntary. In general, if the settlement conference is mandatory, ordered by the judge, the parties to the dispute and their attorneys will meet with a judge who conducts conference aimed at negotiating an agreement to settle the dispute rather than doing through the formal trial process.

More Information about Court-Connected ADR: Visit the court's webpage at www.ventura.courts.ca.gov.

Dispute Resolution Programs Act (DRPA) funded ADR Program - The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code 465 et seq.):
- Ventura Center for Dispute Settlement, 1200 Paseo Camarillo, Suite 165, Camarillo, CA 93010 805-384-1313
- Ventura County District Attorney's Consumer Mediation Unit 805-654-3110

Private ADR – To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

Legal Representation and Advice – To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts Website at www.courtinfo.ca.gov/selfhelp/lowcost.

ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address).*

TELEPHONE NO.:

FOR COURT USE ONLY

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

☐ 800 SOUTH VICTORIA AVE, VENTURA CA. 93009

☐ 3855 - F ALAMO ST. SIMI VALLEY, CA. 93062-1200

PLAINTIFF:

DEFENDANT:

STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS

CASE NUMBER:

The parties and their attorneys stipulate that the claim(s) in this action shall proceed to the following alternative dispute resolution process:

☐ Private Mediation

☐ Mandatory Early Settlement Conference

☐ Binding Arbitration

☐ Other (specify): _____

☐ Volunteer Mediation _____

☐ Assignment to Private Judge

☐ Non-Binding Arbitration

It is further stipulated that the deadline for selection of a neutral and completion of the ADR process is: _____

_____
Plaintiff (print)

_____
Signature of Plaintiff

_____
Plaintiff's Attorney (print)

_____
Attorney's Signature

Dated: _____

_____
Defendant (print)

_____
Signature of Defendant

_____
Defendant's Attorney (print)

_____
Attorney's Signature

Dated _____

IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT: _____

_____

_____

Dated: _____

_____
Judicial Officer

VN164   01/01/02   **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS**

# EXHIBIT B

# SUMMONS

## (CITATION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

APR 2 6 2013

MICHAEL D. PLANET
Executive Officer and Clerk

By _____, Deputy
M. SOTO

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MetroPCS Wireless, Inc., a Delaware corporation,
and Does 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Logan Orion, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Ventura County Superior Court 800 So. Victoria Avenue Ventura, CA 93009 | 56-2013-00435532-CU-CR-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian A. Osborne, Esq. CSB# 126963      Tel: (805) 642-9283
674 County Square Dr., Ste. 310         Fax: (805) 642-7054
Ventura, CA 93003

DATE: April 26, 2013    MICHAEL PLANET     Clerk, by    M. SOTO    , Deputy
*(Fecha)*                             *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *MetroPCS Wireless, Inc., a Delaware corporation*
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 5/1/13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Akin Gump Strauss Hauer & Feld LLP, whose address is 633 West Fifth Street, Suite 5000, Los Angeles, CA 90071. I am not a party to the cause, and I am over the age of eighteen years.

I further declare that on May 31, 2013, I caused to be served a copy of:

**METROPCS WIRELESS, INC.'S NOTICE OF REMOVAL**

☒   **BY HAND DELIVERY to the following address:**

Brian O. Osborne
Law Offices of Brian A. Osborne
674 County Square Drive, Suite 310
Ventura, CA 93003

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, California, this 31st day of May, 2013.

Grayce Lee

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV13- 3881 MMM (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Logan Orion, an individual | MetroPCS Wireless, Inc. and Does 1 through 100 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Brian A. Osborne at the Law Offices of Brian A. Osborne<br>674 County Square Drive, Suite 310<br>Ventura, CA 93003<br>(805) 642-9283 | David M. Stein, Akin Gump Strauss Hauer & Feld, LLP<br>633 West Fifth Street, Suite 5000<br>Los Angeles, CA 90071<br>(213) 254-1200 |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

CLASS ACTION under F.R.Cv.P. 23: ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff has asserted the following causes of action: (1) Violation of Civil Code Section 3344; (2) Common Law Misappropriation of Likeness, Voice; (3) Conversion; (4) and Unjust Enrichment. Defendant has removed the case to federal court under 28 U.S.C. 1332, 1441 and 1446.

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☒ 320 Assault, Libel & Slander | ☒ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number:   CV13-03881

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                   CIVIL COVER SHEET                                   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Texas, Washington |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County, California | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: 5-31-13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |